GUY BARKER, Appellant, v. NATIONAL LIFE ASSOCIATION, Appellee.

**CORPORATIONS:** Officers and Agents—Tenure—Unlawful Removal. A duly elected corporate officer, whose tenure of office is definitely fixed by the articles of incorporation, may not, prior to the expiration of said fixed time, be legally discharged, without cause, by the board of directors.

CORPORATIONS: Election—Power to Postpone. Articles of incorporation which distinctly provide that the directors shall, on a specified day, elect the officers of the corporation, are not mandatory, in such sense that the directors may not, on said specified day, postpone such election to a subsequent day.

CORPORATIONS: Election—Tenure—Holding Over. An officer of a corporation, by holding over, without re-election, after the expiration of his duly elected term of office, because of the failure of the directors to elect his successor, does not, *ipso facto*, succeed to a full new term, under articles of incorporation which provide "that the term of office of said officer shall be two years, *and until his successor is elected and qualified.*"

CORPORATIONS: Election—Formalities Necessary. No particular formality is required, in electing the officers of a corporation, especially when no contest attends the election. On the issue whether the ambiguous proceedings of a board of directors constituted an election, a construction which would lead to invalidity because in excess of legal power in the directors will not be adopted, when another construction is available which is concededly within the powers of the directors.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF, Judge.

MARCH 5, 1918.

REHEARING DENIED JUNE 24, 1918.

ACTION to recover alleged balance of salary due to the plaintiff from the defendant for the unexpired portion of his term as secretary of the plaintiff. There was a trial to a jury. At the close of the evidence, the trial court directed a verdict for the defendant, and the plaintiff appeals.—*Reversed.*

*Dale & Harvison,* for appellant.

*Sidney J. Dillon,* for appellee.

EVANS, J.—The defendant is a life insurance company. In February, 1912, the plaintiff became its secretary, by election in due form. Under the articles of incorporation, his

term was fixed at two years, and "until his
successor is elected and qualified." The
articles of incorporation of the defendant
company included the following:

1. Corporations: officers and agents: tenure: unlawful removal.

"Article VI. *Management.* The board
of directors shall have power to adopt all rules, regulations and by-laws necessary for the management of the affairs of the association, in accordance with law and the articles of incorporation, and to amend the same. Three members of the board of directors shall constitute a quorum for the transaction of business, except that it shall require a majority of the members to adopt by-laws and elect officers of the association.

"Article XIX. *Officers.* The officers of this association shall be a president, vice-president, secretary, treasurer, superintendent of agents and medical director, all of whom shall be chosen by the board of directors at meetings to be held on the first Tuesday in February of every second year. The term of office of all of said officers shall be for two years *and until their successors are elected and qualified.* The board of directors may provide for such other officers and agents as it shall deem proper, and shall also fix the compensation of all officers and agents of the association."

The by-laws also included the following:

"Article X. *Officers, Terms and Their Duties.* Section 1. On the first Tuesday in February, 1910, and on the same date every second year thereafter, the board of directors shall elect a president, one first vice-president, one or more vice-presidents, one or more second vice-presidents, a secretary, one assistant secretary, a treasurer, and auditor, a legal director, a medical director, an assistant medical director, a field manager and a superintendent of agents. * * *

"Article XII. *Board of Directors.* Section 1. Regular meetings of the board of directors for the transaction of

business shall be held at the office of the company in Des Moines, Iowa, on the second Saturday of each month, and the regular time for the election of other officers of the association shall be the first Tuesday in February of every second year. Special meetings may be called at any time by the president or secretary. Three directors shall constitute a quorum for the transaction of business, but the affirmative vote of a majority of the members of the board shall be required in order to elect or carry any proposition presented for consideration at any board meeting."

The regular meeting for the election of officers occurred on February 10, 1914. Some of the officers were elected at that time. On motion, the election of secretary was postponed until the regular April meeting. On April 7, 1914, a meeting was held whereat the following proceeding was had:

"Upon motion, it was ordered that the salary of Guy Barker be fixed at two hundred dollars a month and that his employment be continued at said rate subject to the will of the board of directors."

The regular date for the regular April meeting was April 11th. But the appellees insist that the meeting of April 7th, though a special meeting, was held pursuant to the adjournment of February 10th, and that its proceedings were regular, as such. For the purpose of our discussion, we shall so treat it. Prior to this meeting of April 7th, the plaintiff had been receiving a salary, as secretary, of $300 per month. Under the articles of incorporation, the power was conferred upon the board of directors to fix the salaries of officers. The plaintiff recognized this power, and accepted the offered salary. Plaintiff continued thereafter as secretary. and received the monthly salary of $200 until the 15th day of May, 1915. On this latter date, the board of directors declared the office vacant, and proceeded to elect a successor to the plaintiff to fill such alleged vacancy. They also took possession of the office, and excluded the plaintiff therefrom.

It is the contention of the plaintiff that, by the mutual con-
duct of all parties, he was the secretary *de facto* and *de jure,*
and that his term of office, as such, was fixed by the articles
of incorporation, for a period of two years from February,
1914. On behalf of the defendant, it is contended that, un-
der the articles of incorporation, the plaintiff was entitled
to hold the office after the expiration of the two-year term
"until his successor is elected and qualified;" that the plain-
tiff so continued to hold the office until May 15, 1915; that
the directors had the power at all times to elect a suc-
cessor, and thereby to terminate the incumbency of the plain-
tiff, and that they did do so on such date; that the action
of the directors at the meeting of April 7, 1914, which is
above quoted, gave notice to the plaintiff that he was deemed
to be holding his office temporarily and at the option of the
directors; and that the plaintiff acquiesced therein and is
bound thereby.

Plaintiff's contention in argument is that, upon a fail-
ure to elect a successor at the February meeting, the plain-
tiff thereby became a hold-over officer, and that he necessari-
ly became such for the two-year term pro-

2. CORPORATIONS: election: power to postpone.

vided by the articles of incorporation. We
are not disposed to sustain this argument,
but are more disposed at this point to the views of the ap-
pellee, that the provision as to the date of election is not
mandatory, in the sense that the directors might not post-
pone action and thereby perform their duties of election up-
on the later date. *Beardsley v. Johnson,* 121 N. Y. 224 (24
N. E. 380). Nor do we think that the mere holding over by
the official under such circumstances would

3. CORPORATIONS: election: tenure: hold-ing over.

entitle him to a two-year tenure. It was
clearly the contemplation of the articles of
incorporation that the practical operation
of the company might require a temporary holding over of
an officer after the expiration of the two-year term, and be-

fore the election and qualification of his successor. In this case, the directors, at the February, 1914, meeting, did postpone the election of secretary until the April meeting. We think they had power to do so. Coming forward, then, to the April meeting, they had power then and there to elect a secretary. They doubtless had the same power of further postponing action to a future date. What did they do? It is the contention of the appellee that, at such meeting, the directors, in effect, postponed again the election of secretary to some future date, and that they reduced the tenure of the plaintiff as secretary to the will of the board of directors. The determination of this question involves both the power of the board of directors under the articles of incorporation and the fair construction of the terms of the resolution actually adopted by them. The question of the election of secretary was not postponed to a future date, unless such is the effect of the motion which we have above quoted. The subject of the election of secretary does not seem to have ever received the consideration of the board, of directors at any future meeting until that of May, 1915. The articles of incorporation conferred the power upon the board of directors to fix the salaries of all officers. They were within their power, therefore, in fixing the salary of the secretary at $200 in lieu of $300. The same articles of incorporation fixed the tenure of office at two years. Nowhere did they confer power upon the board of directors to control the tenure of the officers which they might elect. This fixing of the tenure of the office was made a part of the fundamental policy of the corporation. The situation confronting the directors, therefore, at their April, 1914, meeting, was that they had power to elect the secretary, but they had no power to limit the tenure, by holding it subject to their will. This fact has its importance, as bearing upon the proper construction to be put upon the language

**4. CORPORATIONS:** election: formalities necessary.

of the motion adopted. The last clause is, "subject to the will of the board of directors." Does that mean that the tenure of the office was to be subject to the will of the board of directors, or that the *rate* of compensation should be subject to the will of the board of directors? The latter would be within their appropriate power; the former would exceed their authority. In our judgment, the motion of April 7th should be construed as fixing the salary of the secretary at $200, subject to still further change in the future.

In no view can it be said, therefore, that this motion had the effect of reducing the tenure of office of the secretary. What was the effect of this motion upon the question of electing a secretary? This was the postponed meeting at which the election was to be had. In the absence of contending candidates, perfection of formality was not essential to a valid election. This motion carries in it a recognition of the plaintiff as secretary. It, in effect, tenders him a reduced salary of $200 per month. He accepted the same, and the subject of electing his successor was thereby dropped. He qualified by giving a new bond at the expiration of his existing bond. To be more accurate, the company qualified him by obtaining such new bond. It did this in pursuance of its custom of bonding its own officers at its own expense. It so bonded the plaintiff as its secretary, following this meeting of April 7th. At its April, 1915, meeting, the board of directors appointed a committee to confer with the plaintiff and to request his resignation. This action was consistent with the view that they had made him their secretary at their April, 1914, meeting. In the light, therefore, of the articles of incorporation, and in the light of the conduct of the directors and the plaintiff following the meeting of April 7, 1914, we are constrained to the view that the action of the directors at the April 7th meeting, though very informal and indefinite, was a sufficient election of the plaintiff as secretary, especially in the absence of any contest of candi-

dates. If we are correct in this view, it follows that his tenure necessarily extended to the end of the two-year period fixed by the articles of incorporation.

In the absence, therefore, of proper grounds of removal for cause, the directors were not justified in declaring a vacancy, or in excluding the plaintiff from his office. No grounds of removal for cause are contended for in this record. The trial court erred, therefore, in directing a verdict for the defendant, and its judgment is—*Reversed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.